Annie Gilmore GONZALES, Principal and
Otharay Crutchfield, Surety,
Appellants,

v.

The STATE of Texas, Appellee.

No. 59406.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 31, 1979.

No appearance for appellants.

Henry M. Wade, Dist. Atty. and Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, for the State.

**OPINION ON APPELLEE'S MOTION
FOR REHEARING**

DALLY, Judge.

The appellee's motion for rehearing is granted and our opinion on original submission is withdrawn.

The appellee moved this Court to affirm on certificate, pursuant to Vernon's Ann. Rules Civ.Proc. Rule 387, the final judgment of the trial court against the principal and surety on a bail bond forfeiture. On original submission we affirmed on certificate the judgment against the principal, Annie Gilmore Gonzales, but refused to affirm on certificate the judgment against the surety, Otharay Crutchfield, and dismissed the appeal of the surety. Since the motion of the appellee to affirm on certificate was filed over one year after the right to file the transcript on appeal had expired, we refused to affirm the judgment on the certificate against the surety based on Vernon's Ann.Rules Civ.Proc. Rule 387(c), which reads:

"Affirmance of the judgment on certificate may be had at any time after the right to file the transcript has expired; but no affirmance of the judgment on certificate shall be had against the sureties upon the bond unless the motion to so affirm has been filed within one year after the right to file the transcript has expired."

The appellee on motion for rehearing asserts that in the context used the word bond in Rule 387(c), Vernon's Ann.Rules Civ.Proc., refers to an appeal bond or supersedeas bond in all civil proceedings including the appeal of bail bond forfeiture proceedings and that the sureties referred to do not include the sureties on a bail bond. We agree, and now affirm on certificate the judgment against Otharay Crutchfield, the surety on the bail bond. Appellee's motion to affirm on certificate as to appellant Annie Gilmore Gonzales is granted and the judgment is affirmed.

The appellee's motion for rehearing is granted. The judgments are affirmed.